vestment, Inc., and dismissing its suit, and from this judgment plaintiff has appealed.

The following defenses were urged by defendant:

(a) That defendant was an accommodation indorser.

(b) That plaintiff has failed and neglected to proceed against the maker.

(c) That plaintiff has failed to exhaust the security.

(d) That defendant was released from his indorsement because of extension of time to the maker, without the consent of defendant.

We do not find any merit in the first three of the defenses urged by defendant.

■ As to the fourth defense, release of defendant as indorser because of unauthorized extension of time, at the maturity of the note, by the holder, we are of the opinion that defendant waived the benefit of that defense by an agreement on his part to pay the note nevertheless, and by the fact that he made three payments himself, personally, on the note after the extension had been made.

The secretary-treasurer of plaintiff corporation testified as follows:

"Q. Do you remember any payments that Mr. Natal made to you on this mortgage note? A. I remember three.

"Q. Will you give us the approximate dates of these payments? A. I can give you the exact dates. He made a payment—do you want the amounts too?

"Q. Yes. A. He made a payment on December 3, 1928, of one hundred dollars—he made a payment on January 7, 1929, of one hundred and fifty dollars, and on February 8, 1929, of two hundred and fifty dollars.

"Q. Did Mr. Natal ever promise that he would pay this note? A. Well, he said he was going to try.

"Q. Did he say that he wouldn't pay it? A. No." Tr. p. 27.

■ An indorser, released from liability on a note because of extension granted maker, becomes liable thereon again, when he promises to pay the note and makes payment thereon, after the extension was granted. It is a new promise to pay the obligation, which is binding upon him without any additional consideration. Beck v. Howard, 3 La. Ann. 501; Williston on Contracts, Vol. 2, par. 1223, page 2222; Spurlin v. Millikin, 16 La. Ann. 217; Rosenda v. Zabriskie, 4 Rob. 493; Rev. Civ. Code, arts. 1758, 1759.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that there be judgment in favor of plaintiff, Mortgage Investment, Inc., and against defendant, Dominick Natal, in the sum of $4,500, together with interest at the rate of 8 per cent. per annum from October 19, 1929, until paid, and with 10 per cent. attorney's fees on principal and interest, and for all costs.

O'NIELL, C. J., concurs in the decree.

## STOUT v. GENERAL EXCHANGE INS. CORPORATION et al. *

### No. 4966.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1935.

Hudson, Potts & Bernstein, of Monroe, for appellant.

Dhu Thompson, of Monroe, for appellee.

DREW, Judge.

Plaintiff instituted this suit against his insurer for damages he alleged were caused to his automobile, due to a collision. He also alleged as follows:

"13. That in the purchase of said car he executed for a part of the purchase price

twelve notes for $44.00 each, and one note for an amount slightly in excess of the others; the exact amount of which he does not know and which notes bore interest and were taken and held by the General Motors Acceptance Corporation.

"14. That at this time he still owed the General Motors Acceptance Corporation the six notes falling due last of the aforesaid series, the others having been paid.

"15. That the aforesaid insurance policy provided that the General Motors Acceptance Corporation shall be protected by said policy as its interest may appear and therefore, it is a necessary party to this suit. * * *

"18. That the General Motors Acceptance Corporation is a foreign corporation doing business in the State of Louisiana, with Walker B. Spencer, New Orleans, Louisiana, as its designated agent for service."

And prayed as follows: "Wherefore, petitioner prays for service of a copy of this petition and of citation on the General Exchange Insurance Corporation of New York, as provided by law and also on the General Motors Acceptance Corporation, according to law, and after legal delays and due proceedings herein for judgment in petitioner's favor and against the defendant, General Exchange Insurance Corporation of New York, for the full and true sum of $710.00, with five per cent. per annum interest thereon from judicial demand until paid and for all costs of this suit, with recognition of the rights of the General Motors Acceptance Corporation, as provided by the terms of the policy to the amount of the six or unpaid notes due it by your petitioner to be paid out of the judgment herein rendered in petitioner's favor."

Citation and service were had on both defendants. The General Exchange Insurance Corporation of New York answered. The General Motors Acceptance Corporation made no appearance.

The case was tried and judgment rendered in favor of plaintiff and against defendant Insurance Corporation. Default was not taken as to the General Motors Acceptance Corporation, nor was there any further action as to it after citation and service were had on it.

Defendant Insurance Corporation has appealed to this court and insists that the judgment should be set aside and the case remanded for the reason that the judgment is null and void, due to the failure of plaintiff to default and prove the amount still due and owing by him to the General Motors Acceptance Corporation; that the General Motors Acceptance Corporation was a necessary party to the suit, and any judgment rendered in the case before issue was joined with said Acceptance Corporation, was null and void.

We are of the opinion that the contention of appellant is sound. The policy of insurance on which the suit is based reads as follows: "In consideration of the stipulations herein named and of the premiums hereinafter specifically mentioned, does insure the dealer and the purchaser named below, and the General Motors Acceptance Corporation as their interests may appear, and their legal representatives (hereinafter called the Assured) to an amount not exceeding the actual cash value of the property at the time any loss or damage occurs. * * *"

Plaintiff alleged he was at the time of the filing of this suit indebted unto the General Motors Acceptance Corporation. There is no contrary proof offered.

Appellant is entitled to be protected from double payment of the judgment. The only way that this could be done is to bring into the suit the General Motors Acceptance Corporation, a necessary party under the policy and allegations of plaintiff's petition, which was recognized by plaintiff when he had service and citation made on said Acceptance Corporation. That alone was not sufficient. The said Acceptance Corporation was not called upon to join issue until after preliminary default had been taken against it, which was never done. Plaintiff should have defaulted the case as to the Acceptance Corporation and made proof of the amount he then owed it, if anything. In that manner alone could the appellant be protected from paying the amount of the judgment twice up to the amount owed by plaintiff to said Acceptance Corporation.

We therefore conclude the judgment appealed from should be set aside, and the case remanded to the lower court to be proceeded with in accordance with the views herein expressed; cost of appeal to be paid by appellee, and other costs to await a final determination of the case.